ORDERED.

Dated: May 23, 2013



Eileen W. Hollowell, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>LESLIE L. GIFFORD,<br>Debtor. | Chapter 13<br>Case No. 4:12-bk-11067-EWH |
| ORCA, LLC, an Arizona limited liability company,<br>Plaintiff/Counter Defendant,<br>v.<br>LESLIE L. GIFFORD, a single man, individually and as Trustee of The Leslie L. Gifford Revocable Living Trust dated July 14, 2009,<br>Defendants/Counter Claimants. | Adv. Case No. 4:12-ap-01757-EWH<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

At issue in this Chapter 13 case is a piece of property ("Property") owned 95% by Debtor and 5% by Plaintiff ORCA, LLC ("ORCA")[1].

A portion of a building ("Building") is situated on the Property. The rest of the Building sits on an adjacent lot ("Adjacent Lot") owned by ORCA. Conflict developed

---
[1] The 5% interest was acquired from Debtor's daughter.

prepetition between Debtor and ORCA regarding the Building. Postpetition, Debtor's Chapter 13 Plan provides for a sale of the Building to fund his Chapter 13 Plan.[2] ORCA, pursuant to an arbitration award ("Arbitration Award"), asserts a first-position secured lien against the Property. ORCA also asserts that the Property cannot be sold without its consent because of its 5% ownership interest. ORCA further asserts the Building cannot be sold without its consent because of its 100% ownership interest in the Adjacent Lot.

As explained in this Memorandum, due to the entry of the Arbitration Award, ORCA is entitled to have the claims it has filed in Debtor's case allowed, including its first-position lien against the Property. However, ORCA cannot prevent the Debtor from seeking a sale of the Property pursuant to 11 U.S.C. § 363(h), which permits a sale of estate property co-owned with a non-debtor. Debtor, meanwhile, cannot invoke the Bankruptcy Code ("Code") to sell the Building because no section of the Code allows him to sell property which is not property of the estate, and the Building can only be sold if both the Property and the Adjacent Lot are sold. To the extent Debtor asserts state-law rights to sell the Building, such claims have been resolved in ORCA's favor by entry of the Arbitration Award.

**STATEMENT OF FACTS**

On October 8, 2010, ORCA and Defendants (Debtor and Century National Management Inc., collectively "Defendants") participated in a mediation in connection with Pima County Superior Court Cause No. C 20104406 ("Superior Court Case"). The subject of the Superior Court Case was a dispute between ORCA and Defendants

---

[2] Debtor's Chapter 13 Plan also seeks to assume the common area agreement for the Building and to reject a settlement agreement regarding the Building, both of which are described in the Statement of Facts.

2

about the Building. That mediation resulted in the execution of a Memorandum of Settlement Agreement dated October 8, 2010 (the "Settlement Agreement").

Under Paragraph 4 of the Settlement Agreement, Defendants agreed to pay ORCA the sum of $20,000.00 within six months of October 8, 2010. The Settlement Agreement also required Defendants to execute a promissory note ("Promissory Note") for the $20,000.00 payment secured by a deed of trust ("Deed of Trust") encumbering the Property. Defendants agreed to pay a $200.00-per-day penalty for each day the Promissory Note was not paid by its maturity date of April 8, 2011. The parties further agreed to execute a general release ("Release") of all claims. The Release was to include all of Defendants' claims in the Superior Court Case, including Debtor's counterclaims: (1) for failure to pay monies under a common area agreement ("CAA"); (2) to quiet title to the common area in Defendants; (3) for declaratory relief regarding the parties' rights under the CCA; and (4) for injunctive relief to prevent violations of the Settlement Agreement (the "Counterclaims").

The Settlement Agreement includes an arbitration clause which requires the parties to arbitrate any conflict about the Settlement Agreement, including the terms of the settlement documents. The Hon. Lina S. Rodriguez is named as mediator and arbitrator.

On January 21, 2011, ORCA, together with its members, Patrick Berry ("Patrick") and Malinda Berry ("Malinda") (the Berrys and ORCA will be referred to collectively as "Plaintiffs"), filed a Complaint in Arbitration ("Arbitration Proceedings") to compel Defendants to comply with the Settlement Agreement. As part of the Arbitration

3

Proceeding, ORCA recorded a lis pendens against the Property. On April 20, 2012, the Arbitrator entered the Arbitration Award.

The Arbitration Award:

(a) Confirms all terms of the Settlement Agreement, except for the revocation of paragraph 5 regarding the sale of the Berrys' stock in Defendant Century National Management to Debtor;

(b) Grants ORCA a first-position lien against the Property in the amount of the Promissory Note plus accrued interest and penalties;

(c) Denies the Counterclaims and Defendants' motion to dismiss the Arbitration Proceedings; and

(d) Awards Plaintiffs damages as follows:

(1) $2,870.00 in attorneys' fees and $1,520.00 in arbitration fees as a sanction against Defendants;

(2) $52,817.41 for the Berrys' sale of Century National Management stock to Debtor; and

(3) Attorneys' fees of $62,763.60 and arbitration fees of $8,320.00.

On April 24, 2012, ORCA filed a Motion to Confirm the Arbitration Award which was set for hearing on May 21, 2012. On May 18, 2012, Debtor filed for Chapter 13 relief staying the Superior Court Case.

On July 3, 2012, Plaintiffs filed three proofs of claim as follows:

(a)  Claim 6-1 (Berrys)  $53,228.21 unsecured (based on revocation of stock sale);

(b)  Claim 7-1 (ORCA)  $71,636.47 unsecured (based on attorneys' and arbitration fees);

4

Case 4:12-ap-01757-EWH    Doc 39    Filed 05/23/13    Entered 05/24/13 09:25:24    Desc
Main Document    Page 4 of 10

(c) Claim 8-1 (ORCA) $170,236.47 + $200/day penalty secured (based on ORCA being granted a lien against the Property).

On October 10, 2012, ORCA filed this declaratory relief action seeking a determination that it holds a first position secured claim against the Property. On November 6, 2012, Debtor answered and counterclaimed raising identical issues as those in the Counterclaims. On February 6, 2013, ORCA filed a Motion for Summary Judgment ("MSJ") asserting that the Arbitration Award should be given preclusive effect, and that, therefore, summary judgment should be entered in favor of ORCA finding that it holds a first-position secured claim against the Property, dismissing Debtor's counterclaims, awarding ORCA attorneys' fees, and requiring Debtor to comply with the Settlement Agreement by executing the Promissory Note, Deed of Trust, and Release. Debtor opposed the MSJ on the grounds that the Arbitration Award had not been confirmed and was not a final order.

Oral argument on the MSJ was held on April 11, 2013. During that argument, counsel for ORCA was ordered to submit an order lifting the stay so that the Arbitration Award could be confirmed in Superior Court. Thereafter, the stay was lifted and on April 26, 2013, the Superior Court entered an order confirming the Arbitration Award.

## **JURISDICTION**

Jurisdiction is proper under 28 U.S.C. § 1334 and § 157(b)(2)(B) and (K).

## **ISSUES**

1. Is the Arbitration Award entitled to preclusive effect?

2. If so, should all of Plaintiffs' claims be allowed?

3. If Plaintiffs' claims are allowed, is Debtor prevented from disposing of the Property because of ORCA's 5% interest?

4. May Debtor sell the Building without ORCA's consent?

## **DISCUSSION**

A.  Preclusive Effect of the Arbitration Award

The doctrine of issue preclusion, or collateral estoppel, prohibits relitigation of issues that have been adjudicated in a prior action. Child v. Foxboro Ranch Estates, LLC (In re Child), 486 B.R. 168, 172 (9th Cir. BAP 2013); Kirkland v. Barnes (In re Kirkland), 2008 WL 8444824 at *7 (9th Cir. BAP Nov. 26, 2008). The party asserting issue preclusion bears the burden of proof as to all elements and must introduce a sufficient record to reveal the controlling facts and the exact issues litigated. In re Kirkland, 2008 WL 8444824 at *7; Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995).

As a matter of full faith and credit, a federal court must determine the preclusive effect of a prior state court judgment by applying the issue preclusion law of the state of the court that rendered the prior judgment. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

1.  Elements of Issue Preclusion under Arizona Law

Under Arizona law, issue preclusion is applicable when:

(a) the issue or fact to be litigated was actually litigated in a previous suit,

(b) a final judgment was entered, and

(c) the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter,

(d) and actually did litigate it,

6

(e) such issue or fact was essential to the prior judgment.

In re Child, 486 B.R. at 173 (citing Chaney Building Co. v. City of Tucson, 148 Ariz. 571, 716 P.2d 28, 30 (1986)).

Comment d of the Restatement (Second) of Judgments § 27 (1982), cited in the Chaney decision, provides that:

> When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section.... A determination may be based on a failure of pleading or of proof as well as on the sustaining of the burden of proof.

The fourth element of the Chaney factors looks to whether, when having the full opportunity to litigate the matter, the party actually did litigate by participating to some substantial degree in the matter. In re Child, 486 B.R. at 173. The Debtor asserts the fourth Chaney element has not been satisfied because Debtor did not participate in the evidentiary hearing of the Arbitration Proceeding.

2.  Requirement of Substantial Participation

Cases evaluating whether a party actively participated in litigation for purposes of issue preclusion, consider the nature and extent of participation in the litigation by the party against whom issue preclusion is to be invoked. See, e.g., In re Kirkland, 2008 WL 8444824 at *7-11; In re Bell, 2008 WL 2277875 at *2 (D. Ariz. May 30, 2008). This includes looking to various factors such as whether a party (i) answers the complaint, (ii) files pleadings such as motions or oppositions, (iii) appears and participates at hearings, conferences and trials, (iv) engages in discovery, and (v) is represented by counsel. See id.

7

Debtor was (1) represented by counsel during the Arbitration Proceeding; (2) filed an opposition to ORCA's Motion for Summary Judgment; (3) filed a Cross-motion for Motion for Summary Judgment; and (4) filed a Motion to Dismiss the Arbitration Proceeding. While the Debtor did not appear at a February 9, 2012 hearing, his counsel appeared and cross-examined witnesses. The Arbitration Proceeding was not, therefore, similar to a default proceeding where there is no participation by a defendant.

The record demonstrates that Plaintiffs have satisfied their burden of proof as to all of the issue preclusion factors, including substantial participation. Accordingly, the Arbitration Award must be given preclusive effect in the Debtor's bankruptcy case.

B.  <u>Allowance of Plaintiffs' Claims</u>

Under Section 502(a), a proof of claim is deemed allowed unless a party-in-interest objects. Debtor has asserted in his Chapter 13 Plan that he intends to object to Plaintiffs' claims. The only basis for claim disallowance is for a reason set forth in Section 502(b)(1)-(9), and it is generally presumed that if a claim is enforceable under state law, it is allowed. <u>Meruelo v. Merulo Maddux Properties, Inc. (In re Meruelo Maddux Properties, Inc.)</u>, 2013 WL 1890634 at *3 (9th Cir. BAP May 6, 2013). Sections 502(b)(2)-(8) are inapplicable in this case.

Debtor asserts that under Section 502(b)(1),[3] the Settlement Agreement is unenforceable, but the Arbitration Award has eviscerated any such argument. The

---
[3] 11 U.S.C. § 502(b)(1) provides in pertinent part: "…[S]uch claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured…."

8

Superior Court has entered a judgment on the Arbitration Award. It is, therefore, enforceable under applicable Arizona law.

Debtor also seeks to reject the Settlement Agreement as an executory contract. Whether the Settlement Agreement is an executory contract is not a question that this Court needs to reach because the Arbitration Award, and all of its terms, has now been reduced to judgment under A.R.S. § 12-7511. Section 365 of the Code does not permit Debtors to reject judgments as executory contracts.

C&D.  Disposition of the Property and/or the Building

During oral arguments on the MSJ, dialogue with counsel resulted in some confusion about whether the Code authorizes the Debtor to sell the Property or the Building.

Plaintiffs have asserted that their 5% ownership interest in the Property precludes any sale of the Property without their consent. However, 11 U.S.C. § 363(h) permits such a sale if the Debtor can satisfy subsections (1)-(4).

However, the Debtor's Chapter 13 Plan provides for a sale of the Building which would require the sale of the Adjacent Lot. But, the Debtor has no interest in the Adjacent Lot. Accordingly, it is not property of the bankruptcy estate. Section 363 only permits sales of estate property and no other provision of the Code permits a debtor or trustee to sell or dispose of non-estate property. Accordingly, Debtor may not sell the Building without ORCA's consent.

**CONCLUSION**

The location of the Building on the Lot and the Adjacent Lot will undoubtedly continue to bedevil the Debtor and the Plaintiffs, but the Debtor may not use his

9

Chapter 13 case for a second bite at the apple regarding the effect and enforceability of the Settlement Agreement. Accordingly, the MSJ is GRANTED. A separate order to that effect will be entered this date.[4]

   Dated and signed above.

Notice to be sent through the Bankruptcy
Noticing Center to the following:

Albert Blankenship, Jr.
2912 N. Tucson Blvd.
Tucson, AZ 85716
Attorneys for Debtor/Defendant/Counterclaimant

Patrick J. Farrell
Farrell & Bromiel, P.C.
One South Church Ave., Suite 2130
Tucson, AZ 85701-1656
Attorneys for Plaintiff/Counter Defendant ORCA, LLC

---

[4] The foregoing constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.